1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| JAMES Q. WILKINSON,<br><br>                          Plaintiff,<br><br>       v.<br><br>ELDON VAIL, et al.,<br><br>                          Defendants. | NO.  C05-5656 JKA<br><br>STIPULATED PROTECTIVE<br>ORDER |

**STIPULATION**

The parties, by their undersigned counsel, stipulate as follows:

1.       During the course of this litigation, the Defendants will be producing documents and answering interrogatories about cell door latches and offender classification on the basis of race, threat of violence, and suspected association with Security Threat Groups which, if generally available to the public, could impair correctional facility security or increase the likelihood of future assaults within DOC facilities.  The improper release of this information could also present a risk to community safety.  Documents and interrogatory answers containing such information may be produced with a red stamp declaring them "Restricted Confidential."

STIPULATED PROTECTIVE ORDER
NO.  C05-5656

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

1  2. The parties and their undersigned counsel agree that produced documents,

2  depositions transcripts, and interrogatory answers that are designated as restricted confidential

3  shall be treated as confidential, as further described herein.

4  3. The parties agree that the documents produced and testimony designated as

5  restricted confidential, including the contents thereof, shall be used only for purposes of

6  preparing the above-referenced litigation for trial.

7  4. Further, to the extent that depositions of persons involve a specific discussion of

8  the contents (as opposed to the existence) of restricted confidential documents or information,

9  then those portions of the depositions may be designated by counsel on the record or within 14

10  days of receiving the deposition transcript as restricted confidential and thereafter shall be

11  treated as confidential, as further described herein.

12  5. The parties agree that documents and other discovery information designated as

13  restricted confidential, including the contents thereof, shall not be disseminated to anyone other

14  than:

15  A.  The Defendants, the parties' attorneys in this litigation, including their partners, associates, secretaries, paralegal assistants, and other employees who may be assisting in the litigation;

16  17  B.  Experts retained for the purpose of consulting or testifying in this litigation;

18  19  C.  Court officials involved in this litigation, including court reporters and persons operating video recording equipment at depositions, as may be required for purposes of attaching exhibits to depositions; and

20  21  D.  Jurors and other third persons present during any court proceeding; provided that during such proceedings, the affected party reserves the right to object to information covered by this Stipulated Protective Order being disseminated in the presence of any third person whose presence is not necessary for the outcome of that proceeding.

22  6. Defendants may produce documents related to the Aryan Family in triplicate

23  and stamped in red ink "Do Not Copy."  Neither Plaintiff's counsel nor their staff will make

24  additional copies of documents related to the Aryan Family that Defendants produce in

25  accordance with this provision.

26

STIPULATED PROTECTIVE ORDER
NO.  C05-5656

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

7.      Neither counsel, employees of the law firms involved in the litigation, nor experts retained for purposes of consulting or testifying shall disseminate the restricted confidential documents or the contents thereof to Plaintiff James Wilkinson, whether by oral description or by writing, or by any other means.  Documents and information received by a party other than through discovery in this litigation are not subject to this Stipulated Protective Order, and nothing in this Order prejudices any party from moving for a separate protective order to restrict access to those documents and information.

8.      To the extent that restricted confidential documents are attached to transcripts of depositions, or to pleadings to be filed with the court, then the restricted confidential documents will be filed under seal, not to be disclosed to the public absent specific order from the Court.

9.      The parties and their undersigned counsel agree to provide a copy of this Stipulated Protective Order to any expert who is to be provided with a copy of the restricted confidential documents, and to require that such expert maintain the confidentiality of such documents.  Such experts will be required to sign a copy of this Stipulated Protective Order, signifying agreement to its provisions and consenting to the jurisdiction of the Court over his or her person for purposes of enforcing the terms of this Stipulated Protective Order.

10.     All expert witnesses who receive the documents described in paragraph 1 shall keep the information confidential, use the documents only for this litigation, and shall not disclose such information to any third person without written consent from the producing party or its attorney, or in accordance with a court order.  At the conclusion of the expert's services in this litigation, all copies of the restricted confidential documents shall be returned to the counsel providing same.

11.     Neither counsel, employees of the law firms involved in the litigation, nor experts retained for purposes of consulting or testifying shall disseminate the restricted confidential documents or the contents thereof to any third person, whether by oral description or by writing, or by any other means, outside the group of persons listed in paragraph 5.

STIPULATED PROTECTIVE ORDER           3
NO.  C05-5656

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

12.     At the conclusion of this litigation, all parties and those persons identified in paragraph 5 (other than court personnel) shall return all documents identified in paragraph 1 to the producing party, or destroy the documents at the request of that party or its counsel.

13.     The parties, all counsel, and all other persons signing this Stipulated Protective Order agree to submit to the jurisdiction of the court for purposes of enforcing this Stipulated Protective Order.

14.     Nothing in this Stipulated Protective Order shall preclude reconsideration by the Court of any of the terms of the Order upon written application or its own motion, with notice to the parties, and for good cause shown.

15.     If Plaintiff's counsel objects in writing to Defendants' designation of information as restricted confidential, Defendants shall move within a reasonable time for a ruling from this Court on that designation, and Plaintiff shall continue to treat that information as subject to this Order pending the Court's ruling.  If Defendants do not move for such a ruling, the information shall not be subject to this Order, notwithstanding its designation as restricted confidential by Defendants.

DATED this _____ day of  March, 2007.

ROBERT M. MCKENNA
Attorney General

_____
PAUL JAMES, WSBA #13525
SARA J. OLSON, WSBA #33003
Assistant Attorneys General
Attorneys for State Defendants

MacDONALD HOAGUE & BAYLESS

_____
JESSE WING, WSBA 27751
JAY S. BROWN, WSBA 19835
Attorneys for Plaintiff

_____
MATTHEW WOJCIK, WSBA #27918
Attorney for Phyllis Ellis

STIPULATED PROTECTIVE ORDER
NO.  C05-5656

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

1

**O R D E R**

2    Pursuant to the foregoing Stipulation between parties, it is hereby ORDERED that the

3    foregoing Stipulated Protective Order is entered and in full force and effect until such time as this

4    Court modifies its terms or releases the parties from its provisions.

5    DONE IN OPEN COURT this 19th day of March, 2007.

6

7    _/s/ J. Kelley Arnold_
MAGISTRATE J. KELLEY ARNOLD

8    Presented by:

9    ROBERT M. MCKENNA
Attorney General

10

11   _____
PAUL JAMES, WSBA #13525

12   SARA J. OLSON, WSBA #33003
Assistant Attorneys General
Attorneys for State Defendants

13
MacDONALD HOAGUE & BAYLESS

14

15   _____
JESSE WING, WSBA 27751

16   JAY S. BROWN, WSBA 19835
Attorneys for Plaintiff

17

18   _____
MATTHEW WOJCIK, WSBA #27918
Attorney for Phyllis Ellis

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
NO.  C05-5656

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on March 19, 2007, I caused to be electronically filed the foregoing
3 document with the Clerk of the Court using the CM/ECF system which will send notification
of such filing to the following:

4

Jay S. Brown           jayb@mhb.com, cherylm@mhb.com
5

Jesse Andrew Wing     jessew@mhb.com, carriew@mhb.com, kathys@mhb.com
6

Matthew R. Wojcik     mwojcik@jacksonwallace.com
7

I certify under penalty of perjury that the foregoing is true and correct.
8

EXECUTED this 16th day of March, 2007, at Olympia, Washington.
9

10

11

/s/ Sara Olson
PAUL F. JAMES, WSBA #13525
12 SARA J. OLSON, WSBA #33003
Assistant Attorneys General

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
NO.  C05-5656                         6         ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300