**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

JAMES Q. WILKINSON,

                Plaintiffs,

     v.

ELDON VAIL, et al.,

                Defendant.

**Case No.** C05-5656 JKA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S EQUAL PROTECTION CLAIM**

      This matter comes before the Court on Defendant's Motion to Dismiss (Doc.#57). The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

      Defendants' motion to dismiss is with regard to plaintiff's Equal Protection claim set forth in his second amended complaint. There appears to be no dispute that plaintiff was assaulted by two other inmates while they were all housed at Clallam Bay Corrections Center (CBCC). Plaintiff's Equal Protection Claim is premised on allegations that a racial balancing practice utilized by defendants at CBCC contributed to the assault. According to the Offender Base Tracking Systems (OBTS) records utilized by the Department of Corrections (DOC) plaintiff's race is designated as "BLACK". The racial designation of plaintiff's alleged assailants, James Curtis and Stephen Eggers, is "WHITE".

      Defendants' motion to dismiss is based on plaintiff's alleged failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Defendants call this court's attention to the case of *Wyatt v Terhune*, 315 F.3d 1108 (9th Cir. 2003), which discusses exhaustion as it relates to the PLRA. In Wyatt, the appellate court remanded the case for further proceedings, including determinations

regarding plaintiff's grievance process both from the standpoint of furnishing a record and its relationship to the issue in the case (grooming). Recognizing a split among the circuits, the Ninth Circuit in *Wyatt* determined that the PLRA did not confer a pleading requirement on the part of the plaintiff, but rather an affirmative defense to be raised by the defendant. The court suggests liberal construction of the complaint in favor of the plaintiff.

This court earlier denied defense motions to dismiss for failure to exhaust based on the exhaustion process as it was presented by DOC to the plaintiff. Essentially the court found the defendant was estopped from pleading failure to exhaust because the plaintiff had in fact followed the grievance procedure as it was presented to him at the time. The pending motion raises some of these same issues.

The court therefore launches its inquiry from the threshold finding that the plaintiff did in fact initiate and follow the grievance procedure as it was explained to him. Defendants would argue, however, that even if that is the law of the case, he did not raise the issue of what has been described to this court as "racial imbalance" or what they describe as "race conscious housing decisions"(see Defendants' Motion to Dismiss and Memorandum in support thereof, Doc.#57, page 5, line 14). This racial concept apparently has more than one legal moniker. This is relevant because the Grievance Policy and Procedures Manual instructing the prisoners tells them "The use of legal language is not acceptable." (See Plaintiff's Opposition to Motion to Dismiss, Doc#83 Exh.B, par.3). The same instruction directs the initial grievance be filed within five days, "be kept simple, clear, concise and to-the-point," and "generally . . . be contained within the space allowed at the top of the prepared, formal grievance form." Nonetheless, plaintiff's self prepared grievance references "hate crime" by members of the "Aryan Brotherhood, then and still very active at Clallam Bay." This reference is immediately followed by claims of "lack of protection.", and a lock system "which prevented me from being able to escape my attackers." (See Doc#83, Exh. A).

Given the grievance procedural instruction, the plaintiff's response thereto including his grievance narrative, and the earlier ruling of this court regarding the defendant's exhaustion responsibilities, **the court denies defendants' motion to dismiss plaintiff's Equal Protection Claim as set forth in his second amended complaint.**

Dated this 29th day of March 2007.

*/s/ J. Kelley Arnold*
**J. Kelley Arnold**
**U.S. Magistrate Judge**

ORDER
Page - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 3