**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

JAMES Q. WILKINSON,

               Plaintiff,

     v.

ELDON VAIL, et al.,

               Defendant.

**Case No.** C05-5656JKA

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INJUNCTIVE RELIEF

This matter comes before the Court on Plainitff's Motion for Partial Summary Judgment. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

Plaintiff, an African American, was an inmate at Clallam Bay Corrections Center (CBCC) in October of 2002, when he alleges being the victim of a racially motivated brutal assault by white supremacist inmates. Plaintiff further alleges that defendants utilized a racially based placement system when making cell/pod assignments, that the assignment system was unconstitutional, and that it proximately caused injuries and damage to the plaintiff.

Plaintiff's motion is twofold in that it first seeks the court's declaration that the defendants' practice of using race to make housing assignments is unconstitutional and illegal, and second seeks a permanent injunction prohibiting the practice.

Defendants respond alleging the following procedural defects: (1) plaintiff has inadequately articulated the relief he seeks; (2) plaintiff has not sued any individual in their official capacity with authority to implement the type of declaratory relief he seeks; and (3) plaintiff lacks standing. Additionally defendants

ORDER
Page - 1

allege as substantive defenses: (1) defendants' policy to pro-actively avoid racial segregation in housing units to increase inmate safety and rehabilitation is not unconstitutional; and (2) consideration of race among other factors in inmate housing assignments is necessary to achieve the state's compelling interest in prison safety and inmate rehabilitation.

Plaintiff cites Richmond v. J.A. Croson Co., 488 U.S. 469 (1989) in support of their Fourteenth Amendment claim, and Johnson v. California, 543 U.S. 499 as authority for a "strict scrutiny" analysis. Setting aside the issues of "standing" and "official capacity of defendants," a review of Richmond is not dispositive. It suggests that even assuming a "strict scrutiny" standard, that this case is not ripe for a conclusive determination at this stage of the proceedings.  Not only are there questions of fact with regard to the specifics of this case, there is a question of fact as to what exactly constitutes "racial balancing" as contemplated by higher courts, and how it applies to the facts of this case.  Accordingly,  the court rules as follows:

(1) Plaintiff's motion for partial summary judgment and a declaration that defendants "racial balancing" is unconstitutional is denied..

(2) Plaintiff's motion for an injunction, must consequently fail at this stage of the proceedings.

Dated this 10th day of April 2007.

*/s/ J. Kelley Arnold*
United States Magistrate Judge