UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES Q. WILKINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ELDON VAIL, *et al.*,<br><br>    Defendants. | Case No.  C05-5656JKA<br><br>**ORDER** |

  THIS MATTER comes before the court on the Defendants' Motion for Summary Judgment (Doc. 70). This case has been reassigned to the undersigned magistrate judge for the conduct of all proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) on the consent of the parties.

### BACKGROUND

  Plaintiff's Second Amended Complaint was filed with the court on December 17, 2007. Plaintiff's claims are based on acts and omissions of defendants while he was incarcerated at the Clallam Bay Corrections Center ("CBCC"), and he alleges that the conditions of his confinement violated his federal constitutional rights which this court has jurisdiction over pursuant to 28 U.S.C. § 1983. Specifically, Plaintiff alleges the following claims for relief:

  (i) Deprivation of Liberty without Due Process protected by the Fourteenth Amendment;

  (ii) Cruel and Unusual Punishment protected by the Eighth Amendment;

(iii)  Punishment without Due Process protected by the Fourteenth Amendment;

(iv)  Breach of Duty to protect Plaintiff and keep him in health and safety while in state custody;

(v)  Breach of Duty to protect Plaintiff and to provide him with competent and adequate medial care;

(vi) Failure to select, train, supervise, and discipline the Department of Corrections personnel, including medical personnel, who failed to protect plaintiff, failed to keep him in health and safety, and failed to provide him with competent and adequate medical care while in state custody; and

(vii) Deprivation of Equal Protection under the Fourteenth Amendment, the Washington State Constitution, and RCW Chap. 49.60..

Second Amended Complaint at 10-11.

On March 16, 2007, Defendants filed the instant motion for summary judgment, properly noting it for consideration on April 13, 2007.  Defendants ask for dismissal of Plaintiff's Complaint in its entirety. Defendants argue:

> Plaintiff's Complaint should be dismissed because he has failed to show that CBCC is constructed such that it subjects its inhabitants to unconstitutional conditions of confinement. Plaintiff also fails to show that the State Defendants acted with deliberate indifference in responding to the assault upon him by two fellow inmates. Furthermore, even if Plaintiff were able to show that he was subjected to unconstitutional conditions of confinement and that the State Defendants acted with deliberate indifference, the Defendants are entitled to qualified immunity. In addition, the State Defendants did not personally participate in the alleged denial of medical treatment. Nor did the State Defendants deprive Plaintiff of his Fourteenth Amendment rights by placing him in segregation. Finally, State Defendants request that Plaintiff's state claims be severed from this action as they will be more appropriately decided in the pending state court action. For these reasons, State Defendants request that the Court grant them summary judgment on the briefed issues and dismiss the remainder of the case.

Defendant's Motion For Summary Judgment at 2.

After reviewing the materials submitted in support and in opposition to the motion for summary judgment the court finds material issues of fact remain to be considered.

## **LEGAL STANDARD**

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the

ORDER
Page - 2

light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed.R.Civ.P. 56(c) and (e). When a motion for summary judgment is made and supported as provided in Fed.R.Civ.P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. Id.

A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In order to establish liability under 42 U.S.C. S 1983, a plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of the Plaintiff's protected rights. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable in a § 1983 action on a respondeat superior theory. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th.Cir. 1982)).

## DISCUSSION

### QUALIFIED IMMUNITY

State officials are entitled to qualified immunity unless he or she violated clearly established law of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 2732 (1982). Qualified immunity is a judicially-crafted protection for public officials who must exercise judgment in their official duties. "It is an 'immunity from suit rather than a mere defense to liability." '

Saucier v. Katz, 533 U.S. 194, 200-01 (2001)(*citation omitted*).  "The district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." Act Up.!/Portland v.Bagley, 988 F.2d 868, 871 (9th Cir. 1993).

To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show that a state official's conduct violated a constitutional right. Saucier, 533 U.S. at 201; Robinson v. Solano County, 278 F.3d 1007, 1012 (9th Cir.2002) (*en banc*).  If no constitutional right was violated, immunity attaches and the inquiry ends. Saucier, 533 U.S. at 201.   If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case . Id.  Finally, the contours of the right must be clear enough that a reasonable officer would understand whether his or her acts violate that right.  Id. at 202.

The following discussion will focus on whether or not the facts, construed in the light most favorable of Plaintiff, support any constitutional violation and then in conclusion the focus will return to the issue of qualified immunity.

*EIGHTH AMENDMENT ; CRUEL AND UNUSUAL PUNISHMENT*

Plaintiff essentially makes two separate Eighth Amendment claims.  First Plaintiff alleges Defendants failed to protect him from other inmates, and second, Plaintiff alleges Defendants failed to provide adequate medical treatment.

To state a claim of cruel and unusual punishment plaintiff must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious" . . . .  For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994).  Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a `sufficiently culpable state of mind' . . . . [T]hat state of mind is one of `deliberate indifference' to inmate health or safety."  Id. (citations omitted).  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 1979.  Similarly an inmate's Eighth Amendment rights

are violated if he or she is treated with deliberate indifference to his or her serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105-106; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988). Similarly, a difference in opinion as to diagnosis or treatment does not establish a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971).

The facts, construed in favor of the non-moving party, support an Eighth Amendment violation. On October 13, 2002, Plaintiff was assaulted by two other inmates at CBCC immediately after he entered his cell to change his clothing. Plaintiff was seriously injured in this assault, which involved the use of two deadly weapons. The assault was arguably prolonged due to the Department of Corrections' use of swing doors with solenoid locking mechanisms, which jammed when one of the assailants inside the cell was being pushed against the door and locked Plaintiff in his cell with the two assailants. There is a somewhat long history of knowledge that the doors were not adequate, and there is strong evidence that corrections' officials, officers, and inmates all knew of the problem.

In addition to the knowledge of the inadequate door locks, Plaintiff has presented evidence that Defendants were warned of an impending assault to be committed by the two assailants. Plaintiff, as an African American and member of a rival gang, was a potential target of these two assailants, who were both part of the Arayan Family gang. There was a history of violence between white supremacists and black gangs at CBCC, and Plaintiff had recently been labeled a "snitch" by other inmates. This evidence supports an inference that a substantial risk of serious harm existed, and prison officials privy to all of these facts should have drawn such an inference.

With respect to Plaintiff's claims of inadequate medical care, Plaintiff alleges Defendants inadequately diagnosed and treated his wounds incurred in the assault and prevented him from receiving necessary medical care outside the prison facility. Defendants have shown that Plaintiff was treated immediately following the assault by Phyllis Ellis, who examined, cleaned, and either sutured or ster-stripped his numerous knife wounds on his back, forearms, and elbows. The following day, Plaintiff was examined by Dr. Hopfner (CBCC's assigned physician). After reviewing the motion, it is clear that Defendant Ellis is not one of the moving parties. Thus, even though Defendants argue some aspect of

inadequate medical care, Ms. Ellis is the only named Defendant who participated in treating Plaintiff and she is not a subject of this motion. Accordingly, this claim must remain against Ms. Ellis, but summary judgment should be granted in favor of the moving Defendants, as they clearly did not personally participate in the medical treatment of Plaintiff.

*FOURTEENTH AMENDMENT; DUE PROCESS*

Plaintiff claims a violation of due process when he was "punished" when presumably he was placed in administrative segregation or the intensive management unit by prison officials for a number of weeks following the assault.

The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Procedural due process does not protect the actual deprivation of the life, liberty, or property in question, but ensures that individuals are given an adequate opportunity to challenge the government action. Carey v. Piphus, 435 U.S. 247, 259 (1978). To state a claim for a violation of procedural due process, plaintiffs must show (1) a protected property interest has been taken, and (2) procedural safeguards are inadequate. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).

"Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions 'within the sole discretion of the Bureau of Prisons.'" Thye v. United States, 109 F.3d 127, 130 (2nd Cir. 1997) quoting United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995).

Defendants argue any claims by Plaintiff based on his infraction and placement in the intensive management unit following the assault should be dismissed. Plaintiff does not contest this argument, rather Plaintiff states his Fourteenth Amendment claim is based on Equal Protection.

Accordingly, court will grant Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claims. In addition the court notes that case law does not support a due process violation for Plaintiff's infraction or placement in a particular housing unit at the prison. *See* Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986)(an inmates transfer to administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)(placement in segregation resulting in the loss of recreation time and other privileges does not rise to a constitutional deprivation requiring adequate due process safeguards). An inmate generally does not have

a right to be free from administrative segregation.  <u>Smith v. Noonan</u>, 992 F.2d 987 (9th Cir. 1993).

## CONCLUSION

As discussed above, when the facts are viewed in Plaintiff's favor an Eighth Amendment violation is established.  Clearly, questions of fact remain as to which defendants were privy to all the information leading to the inference that a serious risk of harm existed in this matter.  Summary judgment, asking for dismissal of Plaintiff's cruel and unusual punishment or failure to protect in violation for the Eight Amendment, is therefore DENIED.  Summary judgment, asking for dismissal of Plaintiff's Fourteenth Amendment due process claims is GRANTED, and dismissal of the moving defendants from any claim based on an allegation of inadequate medical care is GRANTED.

Turning back to the issue of qualified immunity.  The court has found that a violation of the Eighth Amendment may have occurred, and now the court must consider  whether the Eighth Amendment right was clearly established in light of the context of the case, and whether or not the contours of the right were clear enough that a reasonable official would understand whether his or her acts violate that the Eight Amendment.

The Eighth Amendment standards, noted above, have long been established and are clear.  In light of the facts of this case, the standard does not diminish.  A real question of fact must be considered by a jury to determine which, if any, defendants knew, or should have known, that a risk of serious harm existed given the plaintiff's evidence that the CBCC had a history of problems with the door locks in Plaintiff's unit, the Plaintiff and his assailant's were in rival gangs, CBCC has a history of violent behavior between these rival gangs, CBCC officials were told of an impending assault being planned by the assailants, and Plaintiff had recently been labeled a "snitch."   These facts do not cloud the Eighth Amendment's standard to protect the health and safety of prison inmates.   The clear standard, requiring prison officials to act without deliberate indifference, in light of these alleged facts, would easily define for the official whether or not his acts or omissions to act would violate the Eighth Amendment.   Defendants' request for qualified immunity is DENIED.

Finally, turning to Defendants' request for the court to remand remaining claims to the state court, the court will also deny this request.   It is "within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."  <u>Harrell v. 20th Century Ins. Co.</u>,

934 F.2d 203, 205 (9th Cir.1991). However, federal claims remain to be considered, and thus the court will retain those state claims presented.

DATED this 13th day of April, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge