The Honorable Magistrate Judge J. Kelley Arnold

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| JAMES Q. WILKINSON,<br><br>               Plaintiff,<br><br>   v.<br><br>ELDON VAIL, et al.,<br><br>              Defendants. | NO.  C05-5656 JKA<br><br>ORDER ON DEFENDANTS' MOTION *IN LIMINE* |

THIS MATTER came on for hearing on the motion of the defendants for an in limine order.  The defendants appeared by and through Robert M. McKenna, Attorney General, and Paul F. James and Sara J. Olson, Assistant Attorneys General, and the plaintiff appeared by and through his attorneys.

The court, having considered the files and records herein, and being fully advised, now, therefore,

IT IS HEREBY ORDERED, that plaintiff is precluded from introducing any evidence or testimony, comments, argument, statements or questions by counsel, any witnesses, parties, directly, indirectly or by inference on the following matters:

| No. | Description | Granted | Denied | Reserved |
|---|---|---|---|---|
| 1 | Any Argument, Testimony, Or Comment Which Invites The Jurors To Conceptually Put Themselves In The Place Of The Plaintiff In Considering Any Of The Issues Should Be Excluded. | Granted | | |

| No. | Description | Granted | Denied | Reserved |
|---|---|---|---|---|
| 2 | Any Argument, Testimony, Or Comment That Defendants Have Not Called To Testify As A Witnesses Any Person Equally Available To Both Parties Should Be Excluded. | | | Reserved |
| 3 | Plaintiff's Counsel Should Not Be Allowed To Make Requests Or Demands At Trial, In The Presence Of The Jury, For Documents Or Information Which May Be Kept Or Maintained By Defendants Or As May Exist In Defendants' Records And Files, Including, But Not Limited To, Statements, Records, Reports Or Other Documents. | Granted | | |
| 4 | Any Testimony, Evidence, Argument Or Comment From A Lay Witness As To Medical Diagnoses Or Causation Of Medical Conditions Should Be Excluded. | Granted | | |
| 5 | References As To Whether The State Will Indemnify Defendants For Compensatory Or Punitive Damages Should Be Excluded. | Granted | | |
| 6 | Any Argument, Testimony, Or Comment Regarding The Fact This Motion Has Been Filed Should Be Excluded. | Granted | | |
| 7 | Any Argument, Testimony, Or Comment About The Quantity Or Quality Of Legal Resources Available To The State Or Any Lack Thereof Available To Plaintiff Should Be Excluded. | Granted | | |
| 8 | Any Testimony Or Information About Which Any Witness Lacks Personal Knowledge Should Be Excluded. | | | Reserved, object at trial |
| 9 | Evidence Or Argument That A Racially Hostile Environment At CBCC Caused Or Contributed To The Assault On Plaintiff Including Mention Of The Facts, Circumstances And Allegations In The Washington, et al. v. Washington Lawsuit USDC No. C98-5368FDB. | | Denied | |
| 10 | Evidence Or Argument That A White Supremacist Aryan Family Security Threat Group Represented A Growing Disruptive Influence Among The Inmate Population Engaging In Criminal Violent And Security Threatening Activities At CBCC Placing African American Inmates At Heightened Risk. | | Denied | |
| 11 | Evidence Or Argument That Defendants Failed To Respond Immediately To The Assault On Plaintiff By Curtis and Eggers. | | Denied | |
| 12 | Evidence Or Argument That Defendants Violated Policy, Procedure Or Some Unspecified Duty In Allowing Inmates Curtis And Eggers To Be Placed In The Same Living Unit as Plaintiff. | | Denied | |

| No. | Description | Granted | Denied | Reserved |
|---|---|---|---|---|
| 13 | Evidence Or Argument That Plaintiff's Cell Door And Its Locking Mechanism Enabled Plaintiff's Assailants To Assault Him In His Cell And Exacerbated His Injuries By Allowing His Assailants To Continue Their Assault On Plaintiff For A Longer Period. | | Denied | |
| 14 | Evidence or Argument That Had Curtis' and Eggers' Transition From The Intensive Management Unit to Closed Custody Been Monitored More Closely, They Would Not Have Assaulted Plaintiff. | | Denied | |
| 15 | Evidence or Argument That Any Alleged Failure by CBCC's to Analyze Prison Violence Data and To Respond To That Data Caused Curtis and Eggers to Assault Plaintiff. | | Denied | |
| 16 | Evidence or Argument That CBCC's Racial Integration of Institutional Living Units Fails to Promote Prison Safety, Fails To Prepare Inmates to Live In An Integrated Society and Fails to Discourage Gang Membership and Ideology. | | | Reserved |
| 17 | Evidence or Argument That Use Of The RR Brink 3020 Lock On Plaintiff's Cell Door Is Not An Adequate Lock For A Closed Custody Facility. | | Denied | |
| 18 | Twenty-Four Hours' Notice of Witnesses and Documents to Be Used. | Granted as to witnesses | Denied as to documents | |

IT IS FURTHER ORDERED That plaintiff's counsel and plaintiff shall inform all witnesses called by plaintiff of the prohibition against testimony on these subjects. To the extent a particular motion in limine is denied or reserved, the defendants shall have a continuing objection as to any evidence or testimony, comments, argument, statements or questions by counsel, any witnesses, parties, directly, indirectly or by inference on the matters set forth therein.

DONE IN OPEN COURT this 27th day of April, 2007.

*/s/ J. Kelley Arnold*
U.S. MAGISTRATE JUDGE

Presented by:
ROBERT M.MCKENNA
Attorney General

_____
PAUL F. JAMES, WSBA #13525
SARA J. OLSON, WSBA #33003
Assistant Attorneys General