UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES Q. WILKINSON,

    Plaintiffs,

 v.

ELDON VAIL, *et al.*,

    Defendants.

Case No. C05-5656JKA

ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL OF QUALIFIED IMMUNITY DEFENSE

    The matter is before the court on the State Defendants' motion for stay of trial proceeding pending interlocutory appeal on qualified immunity. After considering the motion, plaintiffs' opposition, oral argument on April 27, 2007, and the balance of the record, the court finds and rules as follows.

    1. To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show an officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001); Robinson v. Solano County, 278 F.3d 1007, 1012 (9th Cir.2002) (*en banc*). If no constitutional right was violated, immunity attaches and the inquiry ends. Saucier, 533 U.S. at 201. If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case . Id. Finally, the contours of the right must be clear enough that a reasonable officer would understand whether his or her acts violate that right. Id. at 202.

    Qualified immunity is a judicially-crafted protection for public officials who must exercise judgment in their official duties. "It is an 'immunity from suit rather than a mere defense to liability.' " Saucier v.

ORDER
Page - 1

1 Katz, 533 U.S. 194, 200-01 (2001) (*citation omitted*).  The Supreme Court in Behrens v. Pelletier, 516
2 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), held that a government officer could raise the
3 qualified-immunity defense both before and after discovery, and that an order rejecting the defense at either
4 stage is a "final" judgment subject to immediate appeal.  It is settled that a district court's denial of qualified
5 immunity is an immediately appealable final decision under the collateral order doctrine. Mitchell v.
6 Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

7   In its order on summary judgment issued April 13, 2007, the court concluded that the law and facts
8 of this case, viewed in the light most favorable to plaintiff, did not warrant qualified immunity. After
9 reviewing the motion for a stay of proceedings and hearing oral argument, the court concludes that a stay
10 of the trial on the damages claims is warranted.  The case will proceed to trial, before the court, on the
11 issue of declaratory judgment.  Accordingly, defendants' motion is GRANTED to the extent noted above.
12   DATED this 27th day of April, 2007.

            */s/ J. Kelley Arnold*
            J. Kelley Arnold
            U.S. Magistrate Judge

ORDER
Page - 2